# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1620V**

DAIRINN FINN,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 29, 2026

*Stacey Amanda Subryan-Gerber, Tiveron Law, PLLC, Amherst, NY, for Petitioner.*

*Lara A. Englund, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On September 20, 2023, Dairinn Finn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a meningococcal vaccination she received on September 21, 2020. Petition, ECF No. 1. On October 7, 2025, I issued a decision awarding damages to Petitioner based on the parties' stipulation. ECF No. 35.

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $16,087.84 (representing $15,574.50 in fees plus $513.34 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed April 28, 2026, ECF No. 39. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 39-2.

Respondent reacted to the motion on April 30, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondents Response to Motion at ECF No. 41. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. Petitioner requests the hourly rate of $275.00 for work performed in 2025 and 2026 by attorney Stacey Subryan-Gerber. Representing a rate increase of $15.00 from the previous year. I find the proposed rate increase to be reasonable and it is hereby awarded herein.

Petitioner has requested the hourly rate of $250.00 for work performed in 2023 by attorney Joshua Scrivani. Mr. Scrivani billed 6.35 hours of work in this matter in 2023 at the rate of $250.00. However, Mr. Scrivani is not currently admitted to this Court. Therefore, work performed prior to being admitted to the Court can only be billed at a paralegal rate. To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *See Underwood v. Sec'y of Health & Hum. Servs*., No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Hum. Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025). I hereby award Mr. Scrivani the hourly rate of $186.00 for work performed in 2023. **Application of the foregoing reduces the amount of attorney fees to be awarded by $406.40.**[3]

In addition, attorney Ryan Johnsen was previously awarded a lesser rate than requested herein ($210.00 for work performed in 2020-2022). *See Izard v. Sec'y of Health & Hum. Servs*., No. 17-623V, Slip op (Fed. Cl. Spec. Mstr. July 9, 2026). I find no reason to deviate from that determination, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. *See Jefferson v. Sec'y of Health & Hum. Servs., No. 19-1882*, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly,

[3] This amount is calculated as: ($250.00 - $186.00 = $64.00 x 6.35 hrs.) = $406.40.

I reduce the 2020-2022 rate to be consistent with *Izard*. **Application of the foregoing reduces the amount of attorney fees to be awarded by $210.00.**[4]

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 39-4 at 1-13. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $15,471.44 (representing $14,958.10 in fees plus $513.34 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[4] This amount is calculated as: ($235.00 - $210.00 = $25.00 x 8.4 hrs.) = $210.00

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.